1  Majed Nachawati
   mn@fnlawfirm.com
2  Fears | Nachawati Law Firm
   4925 Greenville Ave, Suite 715
3  Dallas, Texas 75206
   Telephone: (214) 890-0711
4  Facsimile: (214) 890-0711

5  Jeremy R. Wilson
   jeremy@wilsontrosclair.com
6  Kenneth P. Trosclair
   pete@wilsontrosclair.com
7  Wilson Trosclair & Lovins, P.L.L.C.
   302 N. Market St., Suite 510
8  Dallas, Texas 75202
   Telephone: (214) 484-1930
9  Facsimile: (214) 276-1475

10 David C. Parisi (SBN 162248)
   dcparisi@parisihavens.com
11 Azita Moradmand (SBN 260271)
   amoradmand@parisihavens.com
12 Parisi & Havens LLP
   15233 Valleyheart Drive
13 Sherman Oaks, California 91403
   Telephone: (818) 990-1299
14 Facsimile: (818) 501-7852

15 Attorneys for Plaintiff

FILED

2010 DEC -3  PM 3: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

16          **IN THE UNITED STATES DISTRICT COURT**

17         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 18  DAVID PITNER and JARED REAGAN, | **CASE NO.** SACV10-1850 JST(MLGx) |
| 19  on behalf of themselves and all others | |
| 20  similarly situated, | **CLASS ACTION** |
| 21        Plaintiffs, | **COMPLAINT FOR** |
| 22 | **(1) Violation of CAAFA;** |
| 23  v. | **(2) Violation of California'** |
| 24 | **Computer Crime Law;** |
| 25  MIDSTREAM MEDIA | **(3) Violation of CLRA;** |
| 26  INTERNATIONAL, N.V., a Netherlands | **(4) Unfair Competition; and** |
| 27  Corporation, | **(5) Restitution** |
| 28        Defendant. | **JURY TRIAL DEMAND** |

## COMPLAINT – CLASS ACTION

Plaintiffs, DAVID PITNER and JARED REAGAN, on behalf of themselves and all others similarly situated, sue Defendant, MIDSTREAM MEDIA N.V., and in support thereof, state:

1.     This is a class action.  Plaintiffs bring this action on their own behalf and on behalf of all similarly situated individuals.

### I.

### PARTIES

2.     Plaintiff DAVID PITNER is a resident of Newport Beach in Orange County, California.

3.     Plaintiff JARED REAGAN is a resident of Newport Beach in Orange County, California.

4.     Defendant MIDSTREAM MEDIA N.V. is a Netherlands corporation with its principal place of business at E-Commerce Park #18-Q1 E-Zone, Vredenberg, Curacao, Netherlands Antilles.  Service of Process can be made on Defendant through its registered agent at its principal place of business at Vredenberg, Curacao, Netherlands Antilles.

## II.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question jurisdiction) as this lawsuit involves violations of Federal law.    Furthermore, this Court has supplemental jurisdiction over any accompanying causes of action for violation of the laws of California and of the various States.

6.     This Court has personal jurisdiction over Defendant because Defendant conducts business through its website with California residents and has committed torts within the State of California.    Defendant's main website, youporn.com is the 61st most popular website in the world.

7.     Defendant's business and advertising engagements with California residents constitutes purposeful availment of this forum sufficient to subject Defendant to suit in this forum and therefore this Court has jurisdiction in this matter.

8.     Furthermore, as outlined in greater detail below, Defendant, through its websites, impermissibly accessed information on Plaintiffs' computers, which are located in the State of California, thus purposefully availing itself (albeit illegally) of forum benefits.    This controversy is centered on that conduct. Assertion of jurisdiction to remedy this wrong committed in the forum does not offend traditional notions of fair play and substantial justice.

9.     Venue is appropriate in this District because members of the proposed class are residents of the District and Defendant has committed torts within the Central District of California.   Furthermore, as an alien corporation, venue is appropriate in this District pursuant to 18 U.S.C. § 1391(d).

**III.**

**FACTS APPLICABLE TO ALL COUNTS**

10.     This is a consumer Class Action lawsuit pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3).

11.     The basis for Plaintiffs' claims rest on the use by Defendant of "history sniffing" or "history hijacking" techniques to intentionally and knowingly capture personal information from unsuspecting users of its websites, such as Plaintiffs, without their knowledge or consent.

12.     Defendant owns and operates several of the most popular websites on the Internet today.   Among the websites in question are "YouPorn", "YouPorn Cocks" and "YouPorn Gay" (hereinafter "YouPorn sites").

13.     The YouPorn sites promote themselves as vehicles to obtain and share free pornographic media and make content generated by third-parties available to their viewers.   YouPorn sites are a resource for people who want to view and share, among other things, visual depictions of adult content, including sexually explicit images.   Visitors to the website can also "rate" the content they view on a scale of 1 through 5.

**PLAINTIFFS' ORIGINAL COMPLAINT**

14.     Among other things, the YouPorn sites provide a platform for uploading, sharing and viewing various types of content.   The YouPorn sites' dynamic and collaborative services enable registered and unregistered users (visitors and registered members are collectively referred to as "User(s)") to access a host of functionality, including but not limited to various types of media submitted by Users (collectively, "User Submissions").

15.     Unfortunately for Plaintiffs, and other members of the class, however, Defendant's website also served as a vehicle for impermissibly accessing their browsing history.

16.     Defendant accomplished its illicit activities through the use of its JavaScript-enabled websites.   JavaScript is a language standard that enables the performance of dynamic websites.   Due to exploitable vulnerabilities in how most web browsers respond to JavaScript, however, JavaScript can also be used to provide a host site with the opportunity to peek in on the Plaintiffs' internet visitation history.

17.     In most browsers, application domains share access to a single visited-page history, file cache and DNS cache.   This leads to the possibility of "history sniffing attacks", enabling the YouPorn sites to learn whether a user has visited a specific URL.   By embedding Javascript code on its website designed to present Plaintiffs' web browsers with a list of URL's, Defendant was able to ascertain

from Plaintiffs' web history files whether Plaintiffs had visited a variety of different websites or not.

18.     This "sniffing history" manipulates the fact that browsers display links differently depending on whether or not their target has been visited. Specifically in JavaScript, the attacker can create a link to the target URL in a hidden part of the page, and then use the browser's DOM interface to inspect how the link is displayed. If the link is displayed as a visited link, the target URL is in the user's history.

19.     Essentially, Defendant inserts invisible links into the web page and has JavaScript verify the color field for the link. Because most browsers display a link in a different color if the user has visited that website before, Defendant is thereby able to determine whether the user has visited a particular URL.

20.     In this case, Plaintiffs visited Defendant's website. Once they did so, Defendant was able to implement the above-described procedure on Plaintiffs' computers, essentially tricking Plaintiffs' browsers into providing information from Plaintiffs' web history files.  Without the deploying the above-described Javascript code on its website, Plaintiffs' browsers would not ordinarily give out this information to Defendant.

21.     Particularly troubling, however, were the clear attempts on Defendant's part to disguise its operation and hide what it was doing from its website visitors, including Plaintiffs.

PLAINTIFFS' ORIGINAL COMPLAINT

22.   First, it must be kept in mind that JavaScript is generally invisible to web users. That fact alone is not unusual, as much of the legitimate programming for a website is not seen by the website visitor. There are tools, however, that will allow a web site visitor to read the Javascript on a particular website.

23.   Mindful of this fact, Defendant employed a particularly devious scheme to misdirect users who might use such tools from detecting its tracking activities – cryptography.   When a website visitor uses a tool to view the JavaScript on Defendant's websites, all they would see were a long list of decipherable letters. This is because Defendant changes each letter in the list of URL's it is checking for by one letter. Thus, qpsoivc/dpn", for example, becomes "pornhub.com." It is only at the last minute that this encoded URL is translated to the correct URL to be compared to Plaintiffs' browsing history.

24.   Thus, Defendant essentially wrote a code on its websites which, when examined by Plaintiffs' web browsers, caused that web browser to disclose information from Plaintiffs' web history files saved on their computers. To make matters worse, Defendant took active steps to hide this fact from its customers such as Plaintiffs by encoding its JavaScript to deceive anyone who might try to ascertain what the JavaScript does.

25.   The YouPorn sites do not mention this process at all in their terms and conditions.   In fact, the YouPorn sites' privacy policies are not available to users and are only briefly mentioned in the sites' terms and conditions. These terms and

conditions state that "[a]s a condition to using the Website, you agree to the terms of the YouPorn Privacy Policy as it may be updated from time to time. You acknowledge and agree that the technical processing and transmission of the Website, including your User Submissions, may involve (a) transmissions over various networks; and (b) changes to conform and adapt to technical requirements of connecting networks or devices. You further acknowledge and agree that other data collected and maintained by YouPorn with regard to its users may be disclosed in accordance with YouPorn Privacy Policy."

26.     The Federal Trade Commission recently issued a report criticizing this type of disclosure and empty policy. The FTC recommends that:

> to ensure that choice is meaningful and accessible to consumers, companies should describe consumer choices clearly and concisely, and offer easy-to-use choice mechanisms. To be most effective, companies should provide the choice mechanism at a time and in a context in which the consumer is making a decision about his or her data. Where a company has a relationship with a consumer, the choice mechanism should be offered at the point when the consumer is providing data or otherwise engaging with the company. In the context of an online retailer, the disclosure and control mechanism should appear clearly and conspicuously on the page on which the consumer types in his or her personal information. For an offline retailer, the disclosure and consumer control should take place at the point of sale by, for example, having the cashier ask the customer whether he would like to receive marketing offers from other companies. With respect to social media services, if consumer information will be conveyed to a third-party application developer, the notice-and-choice mechanism should appear at the time the consumer is deciding

> whether to use the application and in any event, before the application obtains the consumer's information. Where the information sharing occurs automatically, through a default setting, that fact should be disclosed clearly and conspicuously at the time the consumer becomes a member of the service, not merely buried in the "privacy policy."

27.     Plaintiffs and members of the proposed class were harmed by Defendant's action in that their personal, private information was obtained without their knowledge or consent.  Plaintiffs and members of the proposed class were harmed in that their personal property -- their  computers – were hijacked by Defendant and coerced into giving Defendant information from Plaintiffs' web browsing history files. This information which was wrongfully and impermissibly obtained from files impermissibly accessed by Defendant, was valuable research data which could have been sold to marketing research firms.   Defendant wrongfully benefited by taking this economically valuable information from Plaintiffs without their knowledge or consent.

28.     This information was also personal and private to Plaintiffs. Obtaining this information by invisible, encrypted code placed on Defendant's website for the purpose of tricking Plaintiffs' computers into giving up valuable information about Plaintiffs constitutes a violation of Plaintiffs' privacy interests.

29.     Plaintiffs and members of the proposed class bring this action to redress this illegal and intrusive scheme designed by Defendant to peer into their personal lives and collect personal information about them.

30.     Plaintiffs have incurred damages as a result of Defendant's actions and seek damages for their injuries.

31.     Furthermore, there is no indication that Defendant's actions have halted or will halt in the foreseeable future.  Thus, Plaintiffs seek an injunction to protect those not yet harmed by these illegal activities, and, where legally available attorneys' fees, and other costs associated with the bringing of this action.

## IV.

## CLASS ACTION ALLEGATIONS

32.     Pursuant to Fed. R. Civ. P. 23(b)(3), and 23(b)(2) Plaintiffs bring this action on behalf of themselves, and all others similarly situated, as representatives of the following class (the "Class"):

> Each and every United States resident who has visited Defendant's website in the previous four years.

> Excluded from the class are Defendant as well as all employees of this Court, including, but not limited to, Judges, Magistrate Judges, clerks and court staff and personnel of the United States District Courts of the Central District of California, the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court; their spouses and any minor children living in their households and other persons within a third degree of relationship to any such Federal Judge; and finally, the entire jury venire called to for jury service in relation to this lawsuit.  Also excluded from the class are any attorneys or other employees of any law firms hired, retained and/or appointed by or on behalf of the named Plaintiffs to represent the named Plaintiffs and any/or any proposed class members or proposed class in this lawsuit.

Furthermore, to the extent that undersigned counsel has any legal interest to damages or other monetary relief, or other relief due to the putative class (or any other rights as potential putative class members), arising as a result of the causes of action asserted in this litigation, such interest is hereby disclaimed by undersigned counsel.

33.     The requirements of Fed. R. Civ. P. 23 are met in this case. The Class, as defined, is so numerous that joinder of all members is impracticable. Although discovery will be necessary to establish the exact size of the class, it is likely, based on the nature of Defendant's business, that it numbers in the millions.

34.     There are questions of fact and law common to the Class as defined, which common questions predominate over any questions affecting only individual members. The common questions include:

a.      whether Defendant, as a regular practice, engaged in "history sniffing" or "history hijacking" on members of the class' computers; and

b.      whether Defendant failed to disclose material terms regarding "history sniffing" or "history hijacking" on members of the class' computers; and

c.      what use was made of such "history sniffing" or "history hijacking" including whether they were used for purposes of tracking individuals web surfing and whether personal information was obtained regarding members of the class; and

d.      whether Defendant employed techniques to thwart the class' attempts to not be tracked by Defendant.

**PLAINTIFFS' ORIGINAL COMPLAINT**

37.    Plaintiffs can and will fairly and adequately represent and protect the interests of the Class as defined and have no interests that conflict with the interests of the Class. This is so because:

a.    All of the questions of law and fact regarding the liability of the Defendant are common to the class and predominate over any individual issues that may exist, such that by prevailing on their own claims, Plaintiffs will necessarily establish the liability of the Defendant to all class members;

b.    Without the representation provided by Plaintiffs, it is unlikely that any class members would receive legal representation to obtain the remedies specified by relevant statutes and the common law;

c.    Plaintiffs have retained competent attorneys who are experienced in the conduct of class actions. Plaintiffs and their counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibility to the class members and are determined to diligently discharge those duties to obtain the best possible recovery for the Class.

38.    Defendant's actions have affected numerous consumers in a similar way. The class action is superior to any other method for remedying Defendant's actions given that common questions of fact and law predominate.  Class treatment is likewise indicated to ensure optimal compensation for the Class and limiting the expense and judicial resources associated with thousands of potential claims.

## COUNT 1 – COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

39.    Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

40.     By "history sniffing" or "history hijacking" the computers of Plaintiffs and members of the class, Defendant has accessed Plaintiffs' computers, in the course of interstate commerce and/or communication, in excess of the authorization provided by Plaintiffs as described in 18 U.S.C. § 1030(a)(2)(C).

41.     Defendant violated 18 U.S.C. § 1030(a)(2)(C) by intentionally accessing Plaintiffs' and members of the class' computers without authorization and/or by exceeding the scope of that authorization.

42.     Plaintiffs' computers, and those of the class, are protected computers pursuant to 18 U.S.C. § 1030(e)(2)(B).

43.     Defendant thus violated the Act by causing the transmission of a program, information, code or command and as a result causing harm to the protected computer aggregating at least $5,000 in value.

44.     Defendant's actions were knowing and/or reckless and caused harm to Plaintiffs and members of the proposed class.

45.     Plaintiffs seek recovery for these damages, as well as injunctive relief, to prevent future harm.

## COUNT II – CALIFORNIA'S COMPUTER CRIME LAW
## CALIFORNIA PENAL CODE § 502

46.     Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

47.   Defendant's actions constitute a violation of California Penal Code § 502 as Defendants knowingly accessed data belonging to Plaintiffs and members of the proposed class in the State of California and/or through servers located in the State of California.

48.   Pursuant to California Penal Code § 502(b)(1), "Access means to gain entry to, instruct, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system, or computer network."

49.   Pursuant to California Penal Code § 502(b)(6), "Data means a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device."

50.   Pursuant to California Penal Code § 502(b)(8), "Injury means any alteration, deletion, damage, or destruction of a computer system, computer network, computer program, or data caused by the access, or the denial of access to legitimate users of a computer system, network, or program."

51.   Defendants have violated California Penal Code § 502(c)(1) by knowingly accessing and without permission, making use of data from Plaintiffs' computers in order to device and execute business practices to deceive Plaintiffs and Class members into surrendering private electronic communications and activities for Defendants' financial gain, and to wrongfully obtain valuable private

data from Plaintiffs.

52.     Defendants have violated California Penal Code § 502(c)(2) by knowingly accessing and without permission, taking, or making use of data from Plaintiffs' computers.

53.     Defendants have violated California Penal Code § 502(c)(3) by knowingly and without permission, using and causing to be used Plaintiffs' computer services.

54.     Defendants have violated California Penal Code § 502(c)(6) by knowingly and without permission providing, or assisting in providing, a means of accessing Plaintiffs' computers, computer system, and/or computer network.

55.     Defendants have violated California Penal Code § 502(c)(7) by knowingly and without permission accessing, or causing to be accessed, Plaintiffs' computer, computer system, and/or computer network.

56.     California Penal Code § 502(j) states: "For purposes of bringing a civil or a criminal action under this section, a person who causes, by any means, the access of a computer, computer system, or computer network in one jurisdiction from another jurisdiction is deemed to have personally accessed the computer, computer system, or computer network in each jurisdiction."

57.     Plaintiffs have also suffered injury from these unauthorized acts of disclosure, to wit:  their personal, private, and sensitive electronic communications have been harvested, viewed, accessed, stored, and used by Defendants, and have

PLAINTIFFS' ORIGINAL COMPLAINT

not been destroyed, and due to the continuing threat of such injury, have no adequate remedy at law, entitling Plaintiffs to injunctive relief.

58.   Plaintiffs and Class members have additionally suffered loss by reason of these violations, including, without limitation, violation of the right of privacy and the taking of their economically sellable web browsing history.

59.   As a direct and proximate result of Defendants' unlawful conduct within the meaning of California Penal Code § 502, Plaintiffs and Class Members have suffered irreparable and incalculable harm and injuries from Defendant's violations. The harm will continue unless Defendant is enjoined from further violations of this section. Plaintiffs and Class Members have no adequate remedy at law.

60.   Defendants' unlawful access to Plaintiffs' computers and electronic communications has caused Plaintiffs irreparable injury.  Unless restrained and enjoined, Defendants will continue to commit such acts.  Plaintiffs' remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Plaintiffs to remedies including injunctive relief as provided by California Penal Code § 502(e).

61.   Plaintiffs are also entitled to recover their reasonable attorneys' fees pursuant to California Penal Code § 502(e).

62.   Plaintiffs seek all remedies available under the Act, including injunctive relief and recovery of reasonable attorneys' fees.

PLAINTIFFS' ORIGINAL COMPLAINT

## COUNT III - CONSUMER LEGAL REMEDIES ACT
## CALIFORNIA CIVIL CODE § 750 ("CLRA")

63.    Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

64.    Defendant failed to disclose the fact that it was "history sniffing" or "history hijacking" Plaintiffs' and members of the Class' computers.  Plaintiffs, and members of the class, would not ordinarily expect "history sniffing" or "history hijacking" to be used to track their online web browsing behavior.

65.    Such actions by Defendant constitute deceptive and unfair acts and practices pursuant to CLRA.

66.    Defendant's actions were intended to, and in fact, likely resulted in sales to Plaintiffs and members of the class.

67.    Plaintiffs and members of the proposed class are consumers under the CLRA.

68.    Defendant violated the act in at least the following ways:   1) representing that its services have characteristics, uses, and benefits that they do not have; 2) representing that its services are of a particular standard, grade, quality which they are not; and/or advertising its services with the intent to not sell them as advertised.

69.     Such actions have caused harm to the Plaintiffs and the Class. Plaintiffs and the proposed class seek to remedy this harm by appropriate injunctive relief.

## COUNT IV – UNFAIR COMPTEITTION LAW, CALIFORNIA BUSINES AND PROFESSIONS CODE § 17200

70.     Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

71.     Defendant's above-described actions constitute unlawful and unfair competition within the meaning of the UCL.

72.     Defendant's actions constitute false advertising in that they failed to disclose to Plaintiffs and members of the proposed class the precise nature of the information which was being wrongfully obtained from Plaintiffs' computers and those of the proposed class.

73.     Furthermore, as described in the other counts in this Complaint, Defendant's actions were in violation of several statutes and therefore unlawful.

74.     Plaintiffs and members of the proposed class have been harmed by Defendant's actions.

75.     Plaintiffs and the proposed class seek damages for this harm as well as injunctive relief to remedy this harm.

## COUNT V – RESTITUTION/UNJUST ENRICHMENT

76.    Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

77.    Defendant has improperly and illegally profited from the obtainment and/or sale of Plaintiffs' and members of the class' personal, private data. Defendant's actions have been done knowingly and secretively with the intent that Plaintiffs not realize what was being done.

78.    These actions constitute violations of both statutory as well as common law obligations as outlined above.

79.    Defendant's actions caused harm to Plaintiffs and members of the proposed class.

80.    Plaintiffs and the proposed class seek damages for this harm as well as injunctive relief to remedy this harm.

81.    Defendant should not, in equity, be allowed to retain their ill begotten gains.  Plaintiffs therefore seeks recovery from Defendant under the equitable theory of unjust enrichment.

WHEREFORE, Plaintiffs demand judgment on their behalf and on behalf of the other members of the Class to the following effect:

a.    declaring that this action may be maintained as a class action;

b.    granting judgment in favor of Plaintiffs and the other members of the Class against the Defendant;

PLAINTIFFS' ORIGINAL COMPLAINT

c.   treble and/or punitive damages should be the Court find that the Defendant acted in willful or reckless disregard of the law;

d.   injunctive relief preventing Defendant from further using "history sniffing" or "history hijacking" and/or requiring more detailed disclosure and informed consent from the class regarding their use; and

e.   such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

Dated:  December 3, 2010          PARISI AND HAVENS LLP

By:
David C. Parisi (SBN 162248)
15233 Valleyheart Drive
Sherman Oaks, CA 91403-1545
Telephone: 818-990-1299
Facsimile: 818-501-7852
Email: dcparisi@parisihavens.com
FEARS | NACHAWATI LAW FIRM

Majed Nachawati
State Bar No. 24038319
mn@fnlawfirm.com
Bryan Fears
State Bar No. 24040886
4925 Greenville Ave, Suite 715
Dallas, Texas 75206
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

WILSON TROSCLAIR & LOVINS, P.L.L.C.
Jeremy R. Wilson
State Bar No. 24037722
Kenneth P. Trosclair
State Bar No. 24033548
302 N. Market St., Suite 510
Dallas, Texas 75202
Telephone: (214) 484-1930
Facsimile: (214) 276-1475

PLAINTIFFS' ORIGINAL COMPLAINT

20

ATTORNEYS FOR PLAINTIFFS
(pro hac vice application pending)

## DECLARATION OF DAVID C. PARISI

I, David C. Parisi, hereby declare on oath as follows:

1.      I am an attorney licensed to practice law in the state of California.  I am over the age of 18 years and I have personal knowledge of the matters attested to herein.  If called upon to testify, I would and could competently do so.

2.      I make this declaration pursuant to California Civil Code section 1780(c) on behalf of my client, plaintiffs DAVID PITNER and JARED REAGAN, on behalf of themselves and all others similarly situated.

3.      Defendant, MIDSTREAM MEDIA N.V., is a Netherlands corporation with its principal place of business at E-Commerce Park #18-Q1 E-Zone, Vredenberg, Curacao, Netherlands Antilles.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 3 day of _Decenber_ 2010 at _Sherman Oaks_, California.

_David C. Parisi_

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1850 JST (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

PARISI & HAVENS LLP
David C. Parisi (SBN 162248)
15233 Valleyheart Drive
Sherman Oaks, CA 91403-1545
Telephone: 818-990-1299
Facsimile: 818-501-7852

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DAVID PITNER and JARED REAGAN, on behalf of themselves and all others similarly situated | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **SACV10-1850 JST(MLGx)** |
| v. | |
| MIDSTREAM MEDIA INTERNATIONAL, N.V., a Netherlands Corporation, | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): MIDSTREAM MEDIA INTERNATIONAL, N.V., a Netherlands Corporation,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, David C. Parisi _____, whose address is 15233 Valleyheart Drive  Sherman Oaks, CA 91403-1545 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: DEC - 3 2010

By: _Nancy Castro_
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

PARISI & HAVENS LLP
David C. Parisi (SBN 162248)
15233 Valleyheart Drive
Sherman Oaks, CA 91403-1545
Telephone: 818-990-1299
Facsimile: 818-501-7852

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PITNER and JARED REAGAN, on behalf of themselves and all others similarly situated<br><br>PLAINTIFF(S)<br><br>v.<br><br>MIDSTREAM MEDIA INTERNATIONAL, N.V., a Netherlands Corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV10-1850 JST(MLGx)**<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>MIDSTREAM MEDIA INTERNATIONAL, N.V., a Netherlands Corporation,</u>

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, <u>David C. Parisi</u>, whose address is <u>15233 Valleyheart Drive  Sherman Oaks, CA 91403-1545</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **DEC - 3 2010** _____

By: _____ **NANCY CASTRO** ___ SEAL

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DAVID PITNER and JARED REAGAN, on behalf of themselves and all others similarly situated

**DEFENDANTS**
MIDSTREAM MEDIA INTERNATIONAL, N.V., a Netherlands Corporation

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
David C. Parisi (SBN 162248)
15233 Valleyheart Drive
Sherman Oaks, CA 91403-1545

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☑ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. § 1030 -- impermissible access to Plaintiff's computers

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument |  | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service |  | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare |  | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** |  | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions |  | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment |  |  |  | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  | ☐ 245 Tort Product Liability |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**FOR OFFICE USE ONLY:**   Case Number: _____ **SACV10-1850 JST(MLGx)** _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
    ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | NETHERLAND ANTILLES |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  12/3/2010

    Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |